IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTES

**ANTHONY LEE,** (as representative for the class, non-disabled),
**RAOUL MARRADI,** (disabled) and for others similarly situated,
    Plaintiffs,

v.                                                                   CASE NO: _____
                                                                                         **(To be supplied by Clerk)**

**WENDY'S INTERNATIONAL, INC.,**
**JOHN T. SCHUESSLER,** CEO
**WENDY'S RESTAURANT,** Boston, MA, Franchise,
**ROGER LCLERC,** Regional Inspector,
**EDWARD MITCHELL,** Field Constr. Man.
    Defendants.

## CIVIL RIGHTS ACTION – 42 USC 12101; ADA ACT OF 1990
## CLASS ACTION COMPLAINT

Plaintiffs Anthony Lee and Raoul Marradi, hereby bring this Class Action Complaint against Defendant Wendy's International, Inc. (WII) for violation of the Americans with Disabilities Act, 42 U.S.C. § 12182 et seq. ("ADA"); Massachusetts Architectural Access Statute, M.G.L. c. 22, § 13A; 521 C.M.R. §§ 1.1 et seq.

**Section A**                                    **INTRODUCTION**

1. On July 26, 1990, President Bush signed the ADA, thereby establishing the most important civil rights law for persons with disabilities in our country's history. The ADA was effective as to the construction date of the Wendy's restaurant in question, on January 26, 1992. One of the principal goals of the ADA was the integration of people with disabilities into our economic and social life WII's actions frustrate this purpose and continue to impede the important goals of the ADA.

2. On August 27, 1998, the United States of America, Department of Justice and Wendy's International, Inc., (WII) entered into settlement agreement to remove architectural barriers at its pre-existing restaurants and all company-owned or leased restaurants, of new construction, to be accessible to and for persons with disabilities. This settlement agreement was in fact applicable to the State of Massachusetts.

3. Over a course of 3 years WII's restaurant located at 551 Boylston Street, Boston, MA 02116 (and since its construction) was designed with 2 floor levels. The first floor level has its entrance, service lines, condiment counter and bar stools and bar tables. The second floor level has a complete dining area with restrooms (both for men and women, separately). There is a set of stairs leading to the second level, and a platform lift elevator designated for persons with disabilities for egress to the dining area and restroom.

4. Plaintiff, Raoul Marradi is a certified individual with a disability and is confined to a wheelchair. Mr. Marradi had been a long customer of this Wendy's restaurant since its construction and opening date, ~~to that~~, from the approx. dates of January 2000 thru March 2003.

**Section B**                                              **JURISDICTION**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 and pendent jurisdiction over the state law claims alleged herein.
2. Venue is proper within this District pursuant to 28 U.S.C. § 1391.


**Section C**                                                  **PARTIES**

1. Plaintiff Anthony Lee is an American citizen, and is non-disabled. He is an advocate and representative to the disabled class, pro se. Mr. Lee is a resident of the United States and spends most of his time traveling in advocacy for the disabled and is non-profit (relying upon his own finances to do so).

2. Plaintiff Raoul Marradi, is an American citizen and has been a resident of Oregon since March 18, 2003. Prior to, Mr. Marradi was a resident of Massachusetts and since the year 1959.

3. Defendant Wendy's International, Inc., is a franchise in Boston, MA, located at 551 Boylston Street, and is owned or leased by Wendy's International, Inc.

John Schuessler – Position of Employment, CEO
4288 W. Dublin-Granville Road
Dublin, OH 43017
(614) 764-3100

Roger Lclerc – Position of Employment, Franchise Regional Inspector
234 Littleton Road, Ste 1F
Westford, MA 01886
(978) 392-1200

Edward Mitchell – Field Construction Manager
234 Littleton Road, Ste 1F
Westford, MA 01886
(978) 392-1200

**Section D**  **CLASS ACTION ALLEGATIONS**

1. Plaintiffs seek to maintain this action as a class action under **Rule 23(b)(1)** and/or **Rule 23(b)(2)** of the **Federal Rules of Civil Procedure**. The class consists of all persons with disabilities who use wheelchairs or scooters for mobility who have been denied, or are currently being denied, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any public accommodation that was designed or constructed by or is owned, operated, or leased by or leased to WII in Massachusetts.

2. The class identified in Paragraph __1__ is believed to consist of well over 3,000 members, and joinder of all of such members in this lawsuit is impracticable.

3. There are numerous questions of law and fact common to the class including, though not limited to, the following:

    a. Whether Wendy's restaurants are "public accommodations" under the ADA;
    b. Whether Wendy's restaurants deny the full and equal enjoyment of their goods, services, facilities, privileges, advantages, or accommodations to people who use wheelchairs, in violation of the ADA;
    c. Whether Wendy's is required by the ADA to maintain access for persons who use wheelchairs to accessible dining areas;
    d. Whether Wendy's is required to maintain access for persons who use wheelchairs to accessible restrooms;

**Section E**                              **FACTS**

1.  From the dates of January 1998 through March 2003, Plaintiff Mr. Marradi, as a customer for Wendy's restaurant, located at 551 Boylston Street, Boston, MA, would daily eat lunch at this Wendy's restaurant. Mr. Marradi was then prevented from eating in at Wendy's because the platform lift was not in service of operation. The franchise restaurant managers (at that time) were non-responsive to Mr. Marradi's request for assistance to the upstairs dining area, and need to use the restrooms. Complaints were made with this management to no avail.

2.  Plaintiff Mr. Lee, on about July 2001, spoke with management at Wendy's restaurant, in question, did ask if there was a work order written for the platform lift, and if not, if one would be written. The manager (who refused to provide his name) informed Mr. Lee that it is not his problem and he should leave. After refusal to provide information for the platform lift, and refusal to acknowledge its non-working status, Mr. Lee had Mr. Marradi go in and request the same information. — receiving the same response.

3.  On about November 22, 2002 Plaintiff Lee emailed Defendant Lclerc in complaint of the 551 Boylston Street Wendy's restaurants' platform lift (elevator) was not working and hadn't been working for over 1 year (as was advised to Mr. Lee by Mr. Marradi and other persons as customers to the same franchise restaurant).

4.  It then became about the month of August 2003 at which time Mr. Lee re-visited Wendy's restaurant in Boston, MA (having traveled from the west coast back to the east coast), and did find that the platform lift (elevator) was repaired and in working order.

5.  On about August 22, 2003 Plaintiff Lee met with Defendant Lclerc at the 551 Boylston Street Wendy's restaurant in discussion of the architectural barriers and the removal thereof. Mr. Lee indicated and showed Mr. Lclerc:

    a.  The entrance doors required signage indicating accessible features within the Wendy's franchise;
    b.  The platform lift (elevator) required signage as required by state and federal minimal requirements;
    c.  The upstairs dining area entrance/exit door which leads to the platform lift should remain open, in that the table and 2 chairs at the door should be relocated, as they were an obstruction to the egress usage of that door;
    d.  The upstairs platform lift (elevator) required signage;

    e.    The men's restroom door opened in a manner that opens against the direction of approach, and should be reversed;

    f.    The downstairs main entrance has a ramp which has a change of level greater than 6" and requires handrails on both side;

6. Defendant Lclerc showed a voluntary desire to remove those architectural barriers and to cure all above listed deficiencies. However, Defendant Lclerc, having acknowledged such architectural barriers failed to remove them.

7. On about September 16, 2003 Plaintiff Lee met with Wendy's managers Charlie and a second manager whose name is not known, in discussion on the same (incorporated) items of architectural barriers at the Wendy's restaurant in question (as listed above in §a-f). Both managers acknowledged the architectural barriers, however, did fail to remove them.

8. Plaintiff Lee attempted on several occasions to encourage voluntary removal of architectural barriers and in all, failed to sway an understanding of minimal requirements as an obligation upon Wendy's restaurant, as a public accommodation, and as to this day of 25 March 2004.

9. Plaintiff Lee, on 9 March 2004 received an email from a Mr. Edward Mitchell, Field Construction Manager for Wendy's International, Inc., indicating his previous attempts in contacting him. Mr. Lee replied to Mr. Mitchell and did meet with Mr. Mitchell at 5:00pm on 9 March 2004 at Wendy's International, Inc., restaurant, 551 Boylston Street, Boston, MA to discuss the architectural barriers at this location.

10. Mr. Lee made known to Mr. Mitchell all the architectural barriers within this restaurant (and as listed above in **section 5. a – f.** Mr. Mitchell was in understanding of the same and in agreement with Mr. Lee. Plaintiff Lee explained to Mr. Mitchell that, he had been seeking voluntary compliance to local and federal guidelines for handicap access and features at this restaurant location, and asked if he would be representative to Wendy's International, Inc., in entering into a settlement agreement, thus, to ensure completion of removing barriers. On 18 March 2004 Mr. Lee emailed to Mr. Mitchell his proposed settlement agreement (which consisted of reimbursement of his time and expenses incurred over a 2 ½ years span, and totaling $440) and allowed until 22 March 2004 for his reply thereto. Defendants, and as named, have failed to contact Plaintiff Lee in any manner.

11. Defendant Mr. Mitchell has failed to contact Plaintiff Lee since 18 March 2004 and has not responded to Mr. Lee's voice messages and emails. Based upon Mr. Lee's long attempts to

seek voluntary compliance, in good faith, for the removal of architectural barriers at the above addressed Wendy's International restaurant, Mr. Lee finds it best in the interest of the general public and for the disabled class to proceed in litigation to obtain the same and by order of local District Court intervention.

**SECTION F**           **FIRST CLAIM FOR RELIEF**

(On behalf of Plaintiffs and all others similarly situated for violation of the Americans with Disabilities Act)

1. Plaintiffs re-allege and incorporate by reference the allegations set forth in **Section E, paragraphs 1- 11** as if fully set forth herein.

2. 42 U.S.C. § 12182(a) of the ADA provides that:

   > *" No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."*

3. WII owns, operates, leases and/or leases to places of public accommodation.

4. 42 U.S.C. § 12183(a) of the ADA requires that new construction be readily accessible to and usable by persons with disabilities.

5. On information and belief, Wendy's restaurant described above was designed and constructed for first occupancy after January 26, 1998 but are not readily accessible to and usable by persons with disabilities.

6. Through the actions and architectural barriers described above and other barriers at its restaurant and its failure to provide facilities that are readily accessible to and usable by persons in wheelchairs, Defendant WII has denied Plaintiff Class the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations in violation of the Americans with Disabilities Act, including but not limited to **42 U.S.C. §§ 12182 and 12183** and its implementing regulations.

7. Plaintiffs and similarly situated individuals have been damaged and will continue to be damaged by this discrimination as more fully set forth above.

8. Plaintiffs intend to continue to eat at Wendy's restaurants in the near future.

**Section G**             **SECOND CLAIM FOR RELIEF**

(On behalf of named Plaintiffs for violation of the Massachusetts Architectural Access Statute,)

1. Plaintiffs re-allege and incorporate by reference the allegations set forth in **Section E, paragraphs 1 thru 11** above as if fully set forth herein.

2. The Massachusetts Architectural Access Statute, states, **(G. L. c. 272, § 98)**

   > *"Whoever makes any distinction, discrimination or restriction on account of race, color, religious creed, national origin, sex, sexual orientation, which shall not include persons whose sexual orientation involves minor children as the sex object, deafness, blindness or any physical or mental disability or ancestry relative to the admission of any person to, or his treatment in any place of public accommodation, resort or amusement, as defined in section ninety-two A, or whoever aids or incites such distinction, discrimination or restriction, shall be punished by a fine of not more than twenty-five hundred dollars or by imprisonment for not more than one year, or both, and shall be liable to any person aggrieved thereby for such damages as are enumerated in section five of chapter one hundred and fifty-one B; provided, however, that such civil forfeiture shall be of an amount not less than three hundred dollars; but such person so aggrieved shall not recover against more than one person by reason of any one act of distinction, discrimination or restriction. All persons shall have the right to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation, resort or amusement subject only to the conditions and limitations established by law and applicable to all persons. This right is recognized and declared to be a civil right."* [*Id.*, Section 98]

3. The **M.G.L.** defines a place of public accommodation as: [*"A place of public accommodation, resort or amusement within the meaning hereof shall be defined as and shall be deemed to include any place, whether licensed or unlicensed, which is open to and accepts or solicits the patronage of the general public and, without limiting the generality of this definition, whether or not it be…… (4) a restaurant, bar or eating place, where food, beverages, confections or their derivatives are sold for consumption on or off the premises;…* (in part)]." **Id, G. L. c. § 92A**.

4. Wendy's restaurants are places of public accommodation as defined in the M.G.L.

5. By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, WII has, directly and/or indirectly, refused, withheld from, and denied to ~~named Plaintiffs~~ *Plaintiff Class*, because of their disabilities, the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations.

6. Named Plaintiffs have been damaged and will continue to be damaged by this discrimination as more fully set forth above.

**Section G**                   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray:

1. That this Court assume jurisdiction;

2. That this Court certify the class described in ~~Paragraph 9~~ *Section D* pursuant to Rule 23(b) of the Federal Rules of Civil Procedure and certify Plaintiffs as representatives of that class;

3. That this Court issue an Order declaring Defendant to be in violation of the ADA and the M.G.L.;

4. That this Court issue an injunction ordering WII to bring all its restaurants, as places of public accommodation in the United States that it designed, constructed, owns, operates, leases or leases to others into compliance with the ADA;

5. That this Court issue an injunctive Order of public notice, and to allow additional similar class members to come forth with additional testimony; and by public notice if the foregoing class action and information to be posted at all Wendy's International, Inc., restaurants in Massachusetts, and other means of public notice deemed necessary by this Court;