```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

ANTHONY LEE, et al.,           )
                               )
        Plaintiffs,            )
                               )  C.A. No. 04-10582-RCL
     v.                        )
                               )
WENDY'S INTERNATIONAL          )
INC., et al.,                  )
                               )
        Defendants.            )
```

## MEMORANDUM AND ORDER

For the reasons set forth below, (1) Anthony Lee's Application to Proceed Without Prepayment of Fees is denied without prejudice; and (2) Messrs. Anthony Lee and Raoul Marradi are advised that the complaint is subject to dismissal unless they demonstrate good cause why the complaint should not be dismissed.

## BACKGROUND

On March 25, 2004, Plaintiff Anthony Lee, a self-described advocate for persons with disabilities, with an address in Portland, Oregon, filed (1) an Application to Proceed Without Prepayment of Fees; and (2) a class action complaint seeking equitable and monetary relief pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, and the provisions of M.G.L. ch. 22, § 13A

1

(architectural access board; members; terms; rules and regulations; penalties; review; definitions).

In addition to Mr. Lee, the complaint also lists Mr. Raoul Marradi as plaintiff.  Mr. Marradi is described in the complaint (1) as a resident of Oregon since March 2003; (2) as a former resident of Massachusetts for over forty (40) years; (3) as a customer of a Wendy's restaurant in Boston from January 1998 through March 2003; and (4) as a person with a disability who uses a wheelchair.  The complaint, signed only by Mr. Lee, names as defendants Wendy's International, Inc ("WII"); WII's Chief Executive Officer; two WII employees and an entity described in the case caption as Wendy's Restaurant, Boston, MA Franchise.

The complaint is brought as a class action to remedy alleged architectural barriers and inadequate signage at all Wendy's Restaurants in Massachusetts, and to remedy any remaining barriers and/or inadequate signage at the Wendy's Restaurant located at 551 Boylston Street in Boston, Massachusetts.

## REVIEW

Because plaintiff Lee has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary review of the complaint to see that it satisfies

the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

Section 1915 of Title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

An in forma pauperis complaint may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Even construing the complaint generously, Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the complaint is subject to dismissal for the reasons stated below.

### DISCUSSION

I.  The Application to Proceed Without Prepayment of Fees

Parties filing a complaint in this Court must either (1) pay the $150.00 filing fee for such action or (2) each party

must file an application to proceed in forma pauperis.  See 28 U.S.C. § 1914 ($150.00 filing fee); § 1915 (proceedings in forma pauperis).

Here, only plaintiff Lee submitted an Application to Proceed Without Prepayment of Fees and Affidavit ("Application").  Mr. Marradi has not paid the filing fee or filed an Application to Proceed Without Prepayment of Fees and Affidavit.

In his Application, Mr. Lee failed to state the date of his last employment, the amount of his take-home salary or wages and pay period and the name and address of his last employer.  See Application, ¶ 2(b).  Although Mr. Lee indicates on the Application that during the past twelve months he occasionally received money from friends for purpose of travel, he failed to state the amount received and what he expects to continue to receive.  Id. at ¶ 3.  Because Mr. Lee's Application is incomplete, it will be denied without prejudice to its re-filing.

If Messrs. Lee and Marradi wish to proceed with this action, they must either pay the $150 filing fee or each file an Application, or this action shall be subject to dismissal for failure to pay the filing fee.

   II.   Anthony Lee Cannot Represent Anyone But Himself

It is clear from the complaint that Mr. Lee is attempting to represent Mr. Raoul Marradi and the purported class. Although Title 28 U.S.C. § 1654[1] permits persons to proceed <u>pro se</u>, this provision does not allow unlicensed laypeople to represent anyone but themselves. <u>Eagle Associates v. Bank of Montreal</u>, 926 F.2d 1305, 1308 (2d Cir. 1991).

Here, Mr. Lee has not alleged he is a licensed attorney, and therefore, cannot represent anyone but himself. Moreover, if Mr. Lee is in fact an attorney, it is not clear whether he is admitted to practice in this Court. If he is not admitted to practice in this Court, he cannot represent another party. <u>See</u> <u>Feliciano v. DuBois</u>, 846 F. Supp. 1033, 1039 (D. Mass. 1994) (stating that "an individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person, any class, or other legal entity."); District of Massachusetts Local Rule 83.5.3(c) ("A person who is not a member of the bar of this court. . . . will be allowed to appear and practice before the court only in his own behalf.").

    III.    <u>Raoul Marradi Did Not Sign the Complaint</u>

---

[1] Section 1654 states in pertinent part that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading . . . if the party is not represented by an attorney, shall be signed by the party." See Fed. R. Civ. P. Rule 11(a); see also District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court.").

Mr. Marradi failed to provide the Court with an original complaint containing his signature. The complaint, which lists Mr. Marradi as a plaintiff, was filed by Mr. Anthony. If the complaint is refiled by both plaintiffs, in accordance with the discussion above, then it must be signed by both.

IV   Class Certification

Rule 23 of the Federal Rules of Civil Procedure governs class action certification, and this Court has an independent obligation to determine whether this action may be maintained as a class action "as soon as practicable." See Fed. R. Civ. P. 23(c)(1); Caputo v. Fauver, 800 F. Supp. 168, 169 (D. N.J. 1992); accord Shaffery v. Winters, 72 F.R.D. 191, 193 n. 1 (S.D.N.Y. 1976) (propriety of class action certification may be considered on court's own initiative).

A basic requirement for all class actions is that the named

plaintiff can fairly and adequately represent the class.  Fed. R. Civ. P. 23(a)(4).  Here, the plaintiffs cannot adequately represent the putative class because pro se litigants are not adequate representatives of other plaintiffs.  See Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000).  A non-attorney may not bring a class action lawsuit because a layman is "clearly too limited to allow him to risk the rights of other."  See Fymbo, 213 F.3d at 1321 (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)); Avery v. Powell, 695 F. Supp. 632, 643 (D.N.H. 1988) (a pro se prisoner plaintiff did not conform with the class certification requirement that he be able to "fairly and adequately" protect the interests of the class.); see also supra., ¶ II (Anthony Lee cannot represent anyone but himself).  Accordingly, the instant action is not appropriate for class certification and is subject to dismissal as a class action.

### ORDER

   Based upon the foregoing, it is hereby

   ORDERED, if Raoul Marradi wishes to proceed with this action, he shall file, within thirty-five (35) days of the date of this Memorandum and Order, (1) a copy of the complaint containing his original signature and (2) either the $150.00 filing fee or an Application to Proceed Without Prepayment of

Fees; and it is further

ORDERED, Anthony Lee's Application to Proceed Without Prepayment of Fees (Docket No. 1) is denied without prejudice to its re-filing within thirty-five (35) days from the date of this Memorandum and Order; and it is further

ORDERED, if Anthony Lee files a new application and/or Raoul Marradi files an application, he or they (as the case may be) shall, within thirty-five (35) days from the date of this Memorandum and Order, demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated above; and it is further

ORDERED, the Clerk shall send (1) an Application to Proceed Without Prepayment of Fees to Mr. Anthony Lee; and (2) a copy of the complaint and an Application to Proceed Without Prepayment of Fees to Mr. Raoul Marradi.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>6th</u> day of <u>July</u>, 2004

<u>/s/ Reginald C. Lindsay</u>
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE