```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

ANTHONY LEE, et al.,           )
          Plaintiffs,          )
                               )  C.A. No. 04-10582-RCL
     v.                        )
                               )
WENDY'S INTERNATIONAL          )
INC., et al.,                  )
          Defendants.          )
```

MEMORANDUM AND ORDER OF DISMISSAL

On March 25, 2004, Plaintiff Anthony Lee, a self-described advocate for persons with disabilities, with an address in Portland, Oregon, filed (1) an Application to Proceed Without Prepayment of Fees; and (2) a class action complaint seeking equitable and monetary relief pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, and the provisions of M.G.L. ch. 22, § 13A (architectural access board; members; terms; rules and regulations; penalties; review; definitions). See Docket No. 2. In addition to Mr. Lee, the complaint also lists Mr. Raoul Marradi as plaintiff. Id.

By Memorandum and Order dated July 6, 2004, the Court (1) denied without prejudice Mr. Lee's Application to Proceed Without Prepayment of Fees; and (2) advised Messrs. Anthony Lee and Raoul Marradi that the complaint is subject to dismissal unless they demonstrate good cause why the complaint should not be dismissed. See Docket No. 3.

On July 19, 2004, the Court's Memorandum and Order was returned to the Court as undeliverable as to Mr. Marradi. See Docket. On August 2, 2004, the Court's Memorandum and Order was returned to the Court as undeliverable as to Mr. Lee.

It appears that plaintiffs are no longer at the addresses listed in the complaint. Additionally, Mr. Lee has failed to inform the Court of his new address as required under this Court's local rules. See District of Massachusetts Local Rule 83.5.2(e). Local Rule 83.5.2(e) requires a party appearing pro se to notify the clerk of any change of address and provides that any party appearing pro se that has not filed an appearance or provided a current address "shall not be entitled to notice."

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a claim "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court." See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). The fact that Mr. Lee has not kept the Court advised of his current address suggests that he may have lost interest in pursuing the claims asserted in the complaint. The Court is not required to delay disposition in this case until such time as plaintiff decides to comply with the requirement of providing his current address.

Accordingly, this action is subject to dismissal for want of prosecution pursuant to Rule 41(b).

ORDER

Based upon the foregoing, it is hereby ORDERED that this action is dismissed without prejudice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  A copy of this Order will be mailed to Mr. Lee at the address listed on the docket.

SO ORDERED.

Dated at Boston, Massachusetts, this 19th day of August, 2004

/S/ Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE